FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

SEP 2 1 2012

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL. POSTAGE PREPAID, TO ALL COUNSEL
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 9·21·12

DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

ALBERT MUFID MICHAIL,

    Petitioner,

  vs.

DANIEL PARAMO, Warden,

    Respondent.

)
)
)
)
)
)
)
)
)
)
)

Case No.   CV 12-7879-CJC (RNB)

ORDER SUMMARILY DISMISSING
PETITION FOR WRIT OF HABEAS
CORPUS FOR LACK OF SUBJECT
MATTER JURISDICTION

   Petitioner, who currently is incarcerated at a state prison facility in San Diego, California, filed a Petition for Writ of Habeas Corpus by a Person in State Custody herein on September 13, 2012. The Petition purports to allege two grounds for relief.

   It appears from the face of the Petition that it is directed to the same 2002 Los Angeles Superior Court conviction as the prior habeas petition filed by petitioner in this Court (through counsel) on April 12, 2004, in Case No. CV 04-2534-CJC (RNB) (hereinafter the "Prior Action"). On February 2, 2005, Judgment was entered in the Prior Action denying the operative First Amended Petition and dismissing the action with prejudice. Petitioner appealed from the Judgment to the Ninth Circuit, but his requests for a certificate of appealability were denied in turn by this Court and the Ninth Circuit.

//

1

The Petition now pending is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214) ("the Act") which became effective April 24, 1996. Section 106 of the Act amended 28 U.S.C. § 2244(b) to read, in pertinent part, as follows:

"(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)    (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

Neither of the claims alleged in the Petition now pending corresponds to either of the two claims alleged in the operative First Amended Petition in the Prior Action. Under § 2244(b)(3)(A), where a federal habeas petitioner seeks to file a subsequent

1    habeas petition raising a claim not raised in the petitioner's prior petition, the
2    petitioner must seek permission from the Circuit to file that second or successive
3    petition. See Cooper v. Calderon, 274 F.3d 1270, 1275 (9th Cir. 2001), cert. denied,
4    538 U.S. 984 (2003). Such permission will be granted only if "the application makes
5    a prima facie showing that the application satisfies the requirements of [Section
6    2244(b)]." See id. Only after the Circuit has made the initial determination that the
7    petitioner has made a prima facie showing under § 2244(b)(2) does the district court
8    have any authority to consider whether the petitioner has, in fact, met the statutory
9    requirements of § 2244(b). Under § 2244(b)(4), the petitioner must make "more than
10   another prima facie showing" in the district court; the "district court must conduct a
11   thorough review of all allegations and evidence presented by the prisoner to
12   determine whether the [petition] meets the statutory requirements for the filing of a
13   second or successive petition." See United States v. Villa-Gonzalez, 208 F.3d 1160,
14   1164-65 (9th Cir. 2000).

15          Since the petition in the Prior Action was denied on the merits, this case is
16   distinguishable from the other cases in which permission from the Circuit to file a
17   subsequent petition has been found unnecessary. For example, the Petition now
18   pending does not raise a claim raised in a prior petition that was dismissed without
19   prejudice as unexhausted. See Slack v. McDaniel, 529 U.S. 473, 487, 120 S. Ct.
20   1595, 146 L. Ed. 2d 542 (2000). Nor does it raise a claim raised in a prior petition
21   that was dismissed without prejudice as premature. See Stewart v. Martinez-
22   Villareal, 523 U.S. 637, 644-45, 118 S. Ct. 1618, 140 L. Ed. 2d 849 (1998).

23          While it does not appear to the Court that petitioner can make the requisite
24   showing for filing a second and/or successive petition, that is a determination for the
25   Ninth Circuit to make in the first instance. Petitioner's failure to secure an order from
26   the Ninth Circuit authorizing the District Court to consider the new claims being
27   alleged in the Petition now pending, prior to his filing of the Petition in this Court,
28   deprives the Court of subject matter jurisdiction. See Cooper, 274 F.3d at 1274.

3

1    IT THEREFORE IS ORDERED that this action be summarily dismissed

2    pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States

3    District Courts.

4    LET JUDGMENT BE ENTERED ACCORDINGLY.

5

6    DATED:    *September 19, 2012*

7

8                                                    _____

9                                                    CORMAC J. CARNEY
                                                     UNITED STATES DISTRICT JUDGE

10   Presented by:

11   _____

12   Robert N. Block
     United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                       4